Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request, pursuant to A.C.A. § 7-9-107 (Repl. 1993), for certification of a popular name and ballot title for a proposed amendment to the constitution. You previously submitted a popular name and ballot title for a similar measure which resulted in my issuance of Opinion 99-265. In that Opinion, I stated that I was unable to certify a popular name and ballot title for your measure due to a number of unresolved ambiguities in the text of your proposed amendment. You have made changes to your text since the issuance of Opinion 99-265 and now submit the following new proposed popular name and ballot title for my certification:
 POPULAR NAME FOOD SALES TAX EXEMPTION BALLOT TITLE AMENDMENT TO EXEMPT FOOD ITEMS FROM THE STATE, COUNTY, AND MUNICIPAL GROSS RECEIPT SALES TAX; TO EXCLUDE PREPARED RESTAURANT FOOD FROM THIS AMENDMENT; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject both your proposed popular name and ballot title due to two ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107 (b).
The following ambiguities must be clarified in your measure before I can perform my statutory duty:
 1. Section 1 of your proposed amendment states that: "Upon passage of this amendment all gross receipt sales taxes or any tax by any other name within the jurisdiction of the State of Arkansas and subdivisions thereof on food items defined as any item that is edible are hereby exempted from the gross receipt sales tax with exception to those exclusions on food items stated herein." (Emphasis added). As an initial matter, I must note that a mismatch between the subject and the predicate in this sentence gives rise to construction problems. The sentence states in pertinent part that: "all gross receipts sales taxes . . . are hereby exempted from the gross receipts sales tax. . . ." An ambiguity also arises, in my opinion, from the language emphasized above. Questions arise as to whether this language exempts food items from any type of taxation other than gross receipts sales taxes. It would appear that this language would have the effect of repealing the "Arkansas Soft Drink Tax Act," a fact which must be reflected in the ballot title for your measure. In addition, questions may arise as to whether this language, in exempting "food items" from "any tax by any other name," exempts such things as the inventories of grocery stores or food distribution companies from personal property taxation. Questions may also arise as to the exemption of such things as alcoholic beverages from the various privilege and excise taxes attendant the sale thereof. I cannot determine the effect of your measure on this point.
 2. An additional ambiguity arises from the language of Section 2 of your proposed amendment. That Section states that "[t]his amendment shall not effect [sic] the gross receipt sales tax and or any other tax within the jurisdiction of the State of Arkansas, and subdivisions thereof on any prepared restaurant foods prepared and served by a restaurant or other businesses similar to restaurants serving prepared foods authorized and defined as a restaurant or similar business in various sections of the Arkansas Code, and those taxes shall stand."
(Emphasis added). An ambiguity exists, in my judgment, as to whether the emphasized language has the effect of granting constitutional status to the statutory subchapter mentioned. If a constitutional amendment mandates that the taxes authorized in A.C.A. § 26-75-601 to -618 "shall stand," a question arises as to whether the Arkansas General Assembly would retain any legislative authority to amend or repeal provisions in that subchapter.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General